UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>WARREN TAYLOR,<br><br>　　　　　　　　Defendant. | CASE NO. CR08-0257JLR<br><br>ORDER DENYING MOTION TO MODIFY SENTENCE |

## I. INTRODUCTION

Before the court is Defendant Warren Taylor's *pro se* motion requesting a reduction in his sentence under 18 U.S.C. § 3582(c)(2), based on Amendments 782 and 788 to the United States Sentencing Guidelines. (Mot. (Dkt. # 228).) Plaintiff United States of America ("the Government") opposes the motion. (*See* Resp. (Dkt. # 235).) The court has thoroughly considered the parties' briefing, the relevant record, and the

ORDER - 1

applicable law.  Being fully advised,[1] the court DENIES Defendant's motion for the reasons stated below.

## II.  BACKGROUND

Defendant was sentenced on March 22, 2010, following his conviction for conspiracy to distribute MDMA/Ectasy.  At his sentencing hearing, the court stated Defendant's applicable sentencing range as follows:  a total offense level of 38 and a criminal history category of VI because he qualified as a career criminal.  (*See* 3/22/10 Sentencing Hr. (Dkt. ## 192, 235-1) at 14.)  Hence, Defendant's applicable sentencing range was 360 months to life imprisonment.  (*Id.*)  The court then varied downward significantly from that range and sentenced Defendant to 192 months of imprisonment.  (*Id.* at 19.)  Defendant has moved for a reduction in his sentence based on Amendments 782 and 788 to the United States Sentencing Guidelines.  The court now considers his motion.

## III.  ANALYSIS

Amendment 782 to the United States Sentencing Guidelines became effective on November 1, 2014, and lowered the penalties for many drug offenses by reducing most base offense levels contained in the United States Sentencing Guidelines § 2D1.1 Drug Quantity Table by two levels, and making other related adjustments to the Guidelines.  Along with Amendment 782, the Sentencing Commission adopted Amendment 788,

---

[1] No party requests oral argument, and the court finds oral argument to be unnecessary.  (*See* Mot. at 1; Resp. at 1); *see also* Local Rules W.D. Wash. CrR 12(b)(12) ("Unless otherwise ordered by the court, all motions will be decided by the court without oral argument.").

which decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates. At issue in the instant motion is whether the court has authority to reduce Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2).

In order to qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2) two conditions must be met: (1) the defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable Guidelines amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements. *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam). A district court does not have jurisdiction to reduce the defendant's sentence unless both criteria are met. *See United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009).

In United States Sentencing Guidelines § 1B1.10(a)(2)(B), the Sentencing Commission makes clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not lower the applicable sentencing range for the defendant. *See* USSG § 1B1.10 (a)(2)(B); *see also United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009) (affirming the district court's denial of a retroactive reduction where the final sentencing range was unchanged due to the operation of the grouping rules).

Defendant's sentencing range has not changed following the recent amendments to the Sentencing Guidelines because it was not based on a provision in § 2D1.1, which has been amended. The career offender provisions of the United States Sentencing Guidelines assign a base offense level for drug trafficking offenses to qualified recidivist

offenders that is independent from the drug quantity table in § 2D1.1. *See* USSG § 4D1.1, *et seq*. Thus, a person who is sentenced as a career offender ordinarily will not be eligible for a sentencing reduction because the amendments only reduce the offense levels associated with drug quantities under § 2D1.1 and left the career offender levels under § 4B1.1 unchanged. Thus, Defendant's offense level and resulting sentencing range remain exactly as they were at the time of his sentencing, and he does not meet the first criteria for sentence reduction eligibility.

In addition, Defendant's sentence is already well below the applicable sentencing range calculated using the amended Guidelines. Under the amended Sentencing Guidelines, if Defendant were not a career offender, he would have received a total offense level of 36 and criminal history category of III with a resulting advisory Sentencing Guidelines of 235 to 293 months of imprisonment. United States Sentencing Guidelines § 1B1.10(b)(2) provides that except for defendants who received a sentence reduction based on substantial assistance to the United States, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." USSG § 1B1.10(b)(2). Here, the court imposed a sentence of 192 months of imprisonment, which is below the low end of the applicable range. Thus, Defendant is not in the class of defendants who, because of substantial assistance to authorities, may receive a sentence reduction resulting in a term less than the low end of the amended guideline range.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Defendant's motion for a reduction of his sentence (Dkt. # 228).

Dated this 8th day of May, 2020.

JAMES L. ROBART
United States District Judge